# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| DeSean Lamont Thomas,<br><br>                  Petitioner,<br><br>v.<br><br>Tom Roy,<br><br>                  Respondent. | Case No. 17-cv-2790 (DWF/HB)<br><br>**REPORT AND RECOMMENDATION** |

HILDY BOWBEER, United States Magistrate Judge

    Petitioner DeSean Lamont Thomas has filed a petition for a writ of habeas corpus challenging the validity of his conviction for aiding and abetting second-degree murder. [Doc. No. 1.] Shortly after filing his habeas corpus petition, Thomas filed a motion for preliminary injunctive relief requesting immediate release from his incarceration due to what he alleges to be unconstitutional conditions of confinement at the prison where he is incarcerated. [Doc. No. 7.]

    "[T]he purpose of a preliminary injunction is to protect a plaintiff from the harm alleged in the complaint. Thus if other injuries occur during litigation, but those injuries are not related to the conduct alleged in the complaint, a plaintiff cannot obtain a preliminary injunction against that conduct." *Becerra v. Doe*, No. 07-cv-3414 (JMR/JJG), 2008 WL 4999251, at *1 (D. Minn. Nov. 19, 2008) (adopting R. & R.). Thomas's habeas corpus petition relates to the *fact* of his confinement, while his motion for injunctive relief relates to the *conditions* of his confinement. The distinction is

material.  *See Spencer v. Haynes*, 774 F.3d 467, 469-70 (8th Cir. 2014).  The adequacy of the conditions in which Thomas is currently confined, which is the subject of his motion for an injunction, is irrelevant to whether Thomas may lawfully be confined at all, which is the subject of his habeas petition.  This Court lacks jurisdiction to consider a challenge to conditions of confinement brought in a habeas action.  *See id.*

Thomas is not without recourse, however, should he believe the conditions of his confinement are unlawful.  He may initiate a separate civil lawsuit raising his claims for relief under 42 U.S.C. § 1983 and requesting injunctive relief from the allegedly unlawful conditions.  Accordingly, it is hereby recommended that Thomas's motion for preliminary injunctive relief be denied without prejudice.

Based on the foregoing, and on the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that petitioner DeSean Lamont Thomas's motion for preliminary injunctive relief [Doc. No. 7] be **DENIED WITHOUT PREJUDICE**.

Dated:  August 7, 2017  s/ *Hildy Bowbeer*
HILDY BOWBEER
United States Magistrate Judge

### NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.  Under Local Rule 72.2(b)(1), "a party may file and serve specific written

objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in LR 72.2(c).